**RESPONSE OF CLAIMANTS LYNDON B. MCLELLAN AND L&M CONVIENT MART, INC. TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

**EXHIBIT D**

# Robert Johnson

| | |
|---|---|
| **From:** | Robert Johnson |
| **Sent:** | Tuesday, May 12, 2015 8:55 AM |
| **To:** | 'norman.acker@usdoj.gov' |
| **Cc:** | Scott Bullock |
| **Subject:** | Lyndon McLellan |

Norman –

Thank you for calling Friday, and for your offer to return Lyndon's money on the same terms as those extended to the Hirsch brothers on Long Island. I have discussed the offer with Lyndon, and it is his feeling that he should be made whole by the government. In particular, Lyndon has a statutory right to interest, attorney fees, and "other litigation costs reasonably incurred." 28 U.S.C. § 2465. Lyndon should not be required to waive that statutory right to get his money back.

I can give you a rough sense of the amount of money that would be needed to make Lyndon whole. Given current interest rates, the amount of interest involved should be relatively small. Lyndon paid a $3,000 retainer for his initial attorney. And, while I don't have a precise figure for the attorney fees incurred by IJ and our local counsel, at this point we are still early in the litigation. Lastly, Lyndon's accountant provided Lyndon with extensive services related to the seizure, including auditing the books and presenting the results of that audit at a meeting with Steve West. *See J&J Cab Serv., Inc. v. United States*, 1998 WL 264736 (W.D.N.C. Mar. 30, 1998) (fees to accountant recoverable as litigation costs). The accountant has provided me with a preliminary estimate of $19,000 in fees related to the seizure – including amounts that have been paid by Lyndon and amounts that are owed by Lyndon and will be billed to him after the money is returned.

While I understand that the Hirsch brothers waived any right to these kinds of expenses, that case was in a very different posture. There, the government had not yet filed a civil forfeiture complaint. As a result, the statutory right to fees, interest, and other costs did not clearly apply, as the statute is limited to a "civil proceeding to forfeit property." 28 U.S.C. § 2465. That fact was very important in the settlement negotiations.

This case is more similar to *United States v. Funds Contained in the Better Business Checking Account*, No. 14-cv-476, where your office recently moved for voluntary dismissal of the forfeiture complaint in light of the new DOJ policy for structuring cases. There, because the government has returned the property subsequent to filing a complaint, the property owner is able to pursue a claim for interest and attorney fees.

I hope that the government will agree to both return Lyndon's money and make Lyndon whole. However, I note that the government does not need Lyndon's consent to give the money back. If the government does not believe that forfeiture is appropriate, the government should move to dismiss the forfeiture action and return the money. We can then separately litigate the issue of fees and other expenses.

Regards,
Rob

**Robert Everett Johnson**
Attorney
Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Phone: (703) 682-9320

Fax: (703) 682-9321
[www.ij.org/rjohnson](www.ij.org/rjohnson)